## Littlefield v. Dearden et al. No. 2

*Aaron S. Swartz, Jr.*, and *Victor J. Roberts* of *High, Dettra & Swartz*, for plaintiff.

*Frederick B. Smillie*, and *Harry E. Sprogell* of *Saul, Ewing, Remick & Harrison*, for defendants.

CORSON, J., May 6, 1943.— . . . The facts in the present case have been fully set forth in the opinion of our brother, Dannehower, J., in passing upon defendants' affidavit of defense raising questions of law: Littlefield v. Dearden et al. (No. 1), 47 D. & C. 314. The question to be decided in the present case would seem to be whether or not the transfer of the $10,000 bonds by Blabon to the trust company in 1927 was in per-

formance of her continuing obligation created by the 1925 deed of trust to guarantee to plaintiff an income of $2,000 per year during his lifetime.

Plaintiff argues that all the evidence of the 1927 transfer of securities is in violation of the parol evidence rule as attempting to vary the terms of a written contract and that even if such evidence be admitted the 1927 transfer of said bonds was in the nature of a gift from Blabon to plaintiff and not in performance of such continuing obligation. While, of course, parol evidence is inadmissible to vary the terms of a written contract in the absence of fraud, accident or mistake, there is no rule that parol evidence is inadmissible to prove performance of an obligation created by a written instrument. The parol evidence rule is not a rule of evidence, interpretation, or construction but is a rule of substantive law which, when applicable, defines the limits of a contract: 3 Williston on Contracts 1813, §631, citing Thayer on Evidence, p. 390, and Wigmore, §2401. See Centenary M. E. Church v. Clime, 116 Pa. 146, 151. Under the 1925 agreement additional securities could be deposited by the settlor and when so deposited they, of course, became part of the irrevocable trust. The trial judge feels that there was ample evidence to sustain the finding that Mrs. Blabon's first intention was to add $10,000 in securities to the assets of the 1925 trust. To carry out this intention she turned over the securities to the trustee of such trust under the provisions of the trust deed of 1925. The trial judge feels that thereafter, possibly after a conference with plaintiff, Mrs. Blabon had called to her attention, perhaps by plaintiff, that under the deed of 1925 he could never receive more than $2,-000 per year no matter how many securities were deposited in that trust. It may well be that Mrs. Blabon was thereupon persuaded to execute another trust agreement under which plaintiff would receive all the income from the 1927 bonds even though part of such

income had to be used to make up the original $2,000 per year. Upon taking this agreement to the trust company the bonds originally placed in the 1925 trust were transferred to the 1927 trust.

Since the 1925 trust was an irrevocable trust the trial judge feels that when these assets were made part of that trust neither Mrs. Blabon, the plaintiff, nor the trust company, or any or all of them, had the power to remove such assets from the irrevocable 1925 trust of which they had become a part.

So far as plaintiff and the heirs of Blabon, therefore, are concerned, the income received by plaintiff from the 1927 bonds must be treated by plaintiff as having been received under the 1925 trust agreement. Upon this state of facts, of course, no deficiency has existed under the 1925 trust. The 1927 deed of trust, similar in form to the 1925 trust deed, must be construed merely as an assignment by Blabon to plaintiff of any surplus income from the 1927 bonds, remaining after such income had been used, if necessary, to make up the sum of $2,000 per year to plaintiff.

Even if this assumption by the trial judge is incorrect we still feel that the deed of 1927 must be construed not as a gift to plaintiff, but in connection with Blabon's continuing obligation under the deed of 1925. Where such continuing obligation under the 1925 contract existed, as it did in this case between Blabon and plaintiff, and payments or transactions take place which are susceptible of interpretation of the discharge of an obligation on the part of the obligor, there is a presumption that the payments or transactions and acts were performed by the obligor under the contract in discharge of the obligation of such contract: Swain et al. v. Ettling, 32 Pa. 486 (1859). This presumption might be counteracted by other presumptions if the relation between the parties is one which would make another explanation more likely: Swain et al. v. Ettling, supra. However, even where the relationship is

that of father and son the original presumption still prevails: Stewart's Estate, 3 Dist. R. 747 (1894). Certainly the relationship of a mother-in-law and son-in-law, as it existed in the present case, leaves less room for argument than where the obligor is the father and the obligee his son. The only evidence to overcome this presumption is, first, plaintiff's own interested testimony and, second, plaintiff's argument that the trust of 1927 is not in the "form" contemplated by the deed of trust of 1925. On the opposite side, we have the equally interested testimony of defendant Dearden and in addition the correspondence between Blabon and the trust company and the trust company's records. The trial judge feels that the written evidence shows not only Blabon's desire to transfer these securities to the trust company under the terms of the 1925 trust but shows such transfer to have actually taken place. This, the trial judge feels, negatives any intention to make a gift to plaintiff entirely separate from, and having no relation to, Blabon's liabilities under the 1925 agreement. The 1927 deed of trust, irrespective of the right of any of the parties to have the securities transferred from the assets of the irrevocable trust of 1925, must be construed as merely giving to plaintiff any excess income from the 1927 securities as set forth earlier in this opinion. . . .

And now, May 6, 1943, the trial judge hearing the case without a jury, for the reasons set forth in the foregoing findings of fact, discussion, and conclusions of law, now renders a verdict in favor of defendants.